## Court of Appeals.

*March*, 1886.

## PEOPLE *v.* LOEHFELM.

### PUBLIC NUISANCE—OBSTRUCTING HIGHWAY—DEDICATION OF STREET.

Upon the trial of an indictment for public nuisance under section 385,. Penal Code, for obstructing a highway, where it appears that lands have been dedicated by the owner to the public as a highway, the acceptance by the public which establishes the highway in question and the obstruction to it upon which the indictment is based, may be found by one and the same jury.

The rule that the acceptance of land so dedicated may be proved by long public use, or by the acts and conduct of the public authorities recognizing and adopting the highway, is applicable to such a case.

Where lands are so dedicated no formal laying out is necessary, and all that remains is for the public to say whether they will accept the street as so laid out by the land owner.

Where acceptance is shown within the above rules, there need be no regular record of the road or judgment establishing it, before an obstruction can be prevented or punished.

APPEAL from a judgment and order of the General Term of the Superior Court of Buffalo, entered June 8, 1885, affirming a judgment of the Criminal Term of said court, Hon. CHARLES· BECKWITH, presiding, rendered upon the verdict of a jury, February 3, 1885, convicting the defendant and appellant of the crime of interfering with and obstructing a certain public street, and highway in the city of Buffalo, known as Beech street, by maintaining on June 1, 1884, and continuing, a house and building thereon, contrary to the provisions of section 385 of the Penal Code.

An appeal was also taken from an order denying a motion for a new trial made at the time of rendering judgment.

The judgment fined the defendant one dollar, and directed the removal of the nuisance as provided by the Code of Criminal Procedure.

The facts in the case were substantially as follows, the defendant offering no testimony : On September 27, 1848, one Patchin was the owner of the lands now called Beech street, in the city of Buffalo, and other lands on each side of them; and on said day he made and filed in the office of the county clerk of Erie county a certain map, on which Beech street was laid off as a street sixty-six feet wide. It was admitted upon the trial that the defendant's grantors and the grantors of the other persons owning lands bounded upon said street, and the defendant, became seized of their lots by virtue of divers *mesne* conveyances from said Patchin and wife, and that said lots were described by number and reference to said map, and said Beech street "as laid off on said map," and that wherever descriptions were given by distances in said conveyances, "such distances ran only to Beech street as laid off on said map." It was also admitted that the city of Buffalo was organized and existing under chapter 519, Laws 1870, and the acts amendatory thereof, and that there is no record of Beech street in the office of the clerk of the said city of Buffalo, except the proceedings of the common council, which were offered in evidence upon the trial. The city engineer testified to the existence of the obstructions on the street, and that the defendant's building encroached upon Beech street as laid out above for about twenty feet.

A resolution of the common council of the city of Buffalo was offered in evidence, which was passed December 21, 1871, and directed the city engineer to set stakes defining the lines of said street, and furnish a map showing the obstructions, and notify the property owners to remove the obstructions, etc. A like resolution as to defining the lines and reporting a map was passed March 24, 1879, and under that resolution the engineer made and reported a map, showing the lines the same as the Patchin map, and set corner stakes and made marks on the fences. It further appeared that in 1881 and 1882 the engineer of the city ran the lines of said street the same as before, and in 1882 the common council and other proper authorities caused a twelve-inch tile sewer to be constructed through the centre of Beech street as a sixty-six-foot street, and assessed the property benefited in the manner provided by the charter; that on Sep-

tember 4, 1871, the common council directed the sum of one hundred dollars to be assessed for repairing said street; that it was laid off as a sixty-six-foot street on the assessor's maps, made in 1870 and 1871, which maps were made pursuant to the direction of the common council, and paid for by it, and ever since used in the assessor's office, and that the defendant was assessed and paid her assessment for constructing said sewer.

*Frank B. Perkins*, for defendant, appellant.

*Edward W. Hatch*, district attorney, and *Tracy B. Becker*, of counsel, for the people, respondent.

PER CURIAM.—This conviction must be affirmed. The dedication of Beech street to the use of the public for its full width of sixty-six feet was proved by the map of the original owner and is not disputed. The debate has been over the acceptance by the public and the character of the proof necessary to establish that fact. The rule appears to be established that the acceptance may be proved by long public use or by the acts and conduct of the public authorities recognizing and adopting the highway. Cook *v.* Harris, 61 *N. Y.* 448; Holdane *v.* Trustees of Cold Spring, 21 *N. Y.* 474; McMannis *v.* Butler, 51 *Barb.* 436. Such use and such acts were proved in this case. The common council directed a survey of Beach street as the landowner had mapped and dedicated it and the establishment of its lines; which was done, and its boundaries distinctly marked, and obstructions upon its limits ordered to be removed. The authorities built a sewer through it and assessed the cost upon adjoining property and put down water pipes; and the public used and traveled it to its full width except where prevented by obstructions. Upon facts like these the question of acceptance was submitted to the jury, who found the street to be a public highway. No formal laying out was necessary in such a case. The dedication dispensed with the need of that, and all that remained was for the public to say whether they would accept it as laid out and dedicated by the land-owner. That often becomes a question of fact and

was treated as such in this case. The argument that there must be a regular record of the road, or a judgment establishing it, before an obstruction can be prevented or punished, assumes that an acceptance cannot be otherwise proved, and is further answered by the cases which hold that the acceptance by the public which establishes the highway and the obstruction to it may be found by one and the same jury. Cook *v.* Hamis, *supra;* Lambier *v.* People, 5 *Den.* 9. We find no error in the record and the judgment should be affirmed.

All concur except RAPALLO, J., absent.