ELLEN POMFREY, Respondent, v. THE VILLAGE OF SARATOGA SPRINGS, Appellant.

Where, by the charter of a municipal corporation, the duty is imposed upon it of keeping its streets and sidewalks in a reasonably safe and proper condition for public use, for a neglect to perform this duty it is liable for damages to persons who because thereof, without fault on their part, receive injuries.

Actual notice to the proper municipal authorities of a defect is not necessary in order to charge it with negligence ; they owe to the public the duty of active vigilance; and where a street or sidewalk has been out of repair for any considerable length of time, so that by reasonable diligence they could have notice of the defect, such notice may be imputed to them.

Snow and ice which had fallen from time to time from a barn adjoining the sidewalk on one of defendant's streets, had accumulated on the sidewalk to the height of about three feet above the surface, and about two and a half feet above the snow on the rest of the sidewalk. This accumulation had been there about two weeks when plaintiff, in passing over it, fell and was injured. By defendant's charter (chap. 220, Laws of 1866) the care and custody of its streets are imposed upon its trustees, and it is made their duty to establish such ordinances and regulations as they may think proper, among other things, to provide for and regulate the repairing and cleaning of streets and sidewalks, and power is given to raise money to discharge these duties. In an action to recover damages, *held*, that defendant was properly charged with negligence.

It appeared that the street in question, with its sidewalks, had been open for its full width for about forty years; it was a prinicipal street of the village and extensively used. Water mains were laid through it, and curb-stones had been placed along the sidewalks at the expense of the village. *Held*, the evidence justified a finding that the street, for its whole width, had been dedicated to and accepted by the public, and that it was legally one of the village streets.

By defendant's charter, after provisions had been made for repairs of its streets and sidewalks, for the purpose of providing the means for defraying expenses, the board of trustees were authorized to raise annually a sum not exceeding an amount specified "for the support of roads * * * streets, lanes and alleys within the village." *Held*, that the word " streets "included the whole space between the outer lines thereof, *i. e.*, not only the roadway but the sidewalks; and that the money raised could be used as well for the repair of the sidewalks as the roadbed.

The village superintendent, whose duty it was, under the direction of the trustees to make repairs, testified that he did not have any money in his

hands for that purpose; there was no proof that there were not sufficient funds in the treasury of the village, which under the charter could have been placed in his hands. *Held,* the evidence failed to show want of funds to repair the sidewalk.

Also *held,* that plaintiff's claim was not of the character required by the act of 1875 (§ 2, chap 517, Laws of 1875) to be presented to and audited by the auditors of the village.

Upon the trial plaintiff offered in evidence an ordinance of the village, which imposed penalties upon persons who should throw snow or ice from roofs upon sidewalks, or who should neglect to keep sidewalks in front of their lots and buildings clear of snow and ice; this was received under objection and exception. *Held,* no error.

A witness called for the plaintiff, after she had testified as to the condition of the sidewalk, and that a person had to be very careful, or fall, as she knew from experience, was permitted to testify, under objection, that she fell down in the same place. *Held,* no error.

The evidence tended to show that this embankment of snow and ice was perfectly visible; there was a light covering of recent snow over the ice. *Held,* a refusal of the court to charge, as matter of law, that it was negligence for plaintiff, under the circumstances, to attempt to pass over the embankment was not error.

(Argued January 28, 1887 ; decided March 1, 1887.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial-department, entered upon an order made February 12, 1885, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial. (Reported below, 34 Hun, 607.)

This action was brought to recover damages for injuries sustained by plaintiff by reason of a fall upon a sidewalk in the village of Saratoga Springs from which the complaint alleged defendant had negligently omitted to remove a dangerous accumulation of ice and snow.

The facts are sufficiently stated in the opinion.

*Charles S. Lester* for appellant. If any duty rested upon defendant to keep its sidewalks clear of ice and snow, this duty was not created or increased by the passage of any by-laws or ordinances, as no ordinance can enlarge, diminish or vary its powers or duties. (*Thompson* v. *Roe*, 22 How. [U. S.], 422; Dillon on Munic. Corp., §§ 251, 542, 620.) A

corporation is not liable to an action for a neglect in not enforcing any of its ordinances or by-laws, or for any neglect of its officers in that respect, and is not responsible for their violation. (*Levy* v. *Mayor, etc.*, 1 Sand. S. C. Rep. 465; *Hutson* v. *Mayor, etc.*, 5 id. 303; *Lorillard* v. *Town of Monroe*, 1 Kernan, 396; *Griffin* v. *Mayor, etc.*, 5 Seld. 458; *Stillwell* v. *Mayor, etc.*, 49 Sup. Ct. R., 360; Dillon on Munic. Corp. § 754.) Neither is a corporation liable for a failure to pass any ordinance. (*Wilson* v. *Mayor, etc.*, 1 Den. 595; *Hutson* v. *Mayor, etc.*, 5 Sand. S. C., 303; Dillon on Munic. Corp. § 753; *Fowle* v. *Common Council of Alexandria*, 3 Pet. 398; *Hines* v. *City of Lockport*, 50 N. Y. 236.) The judge erred in overruling the objection and in admitting the by-laws as evidence. (*Brown* v. *B. & S. L. R. R. Co.*, 22 N. Y. 191; *Knupple* v. *Knicker. Ice Co.*, 84 id. 488; *Massoth* v. *D. & H. C. Co.*, 64 id. 524; *McGrath* v. *N. Y. C. & H. R. R. Co.*, 63 id. 530; *Moore* v. *Gadsen*, 93 id. 12; *Coleman* v. *People*, 58 id. 561; *Baird* v. *Gillett*, 47 id. 186; *O'Hagan* v. *Dillon*, 76 id. 170; *Erben* v. *Lorillard*, 19 id. 299; *Arthur* v. *Griswold*, 55 id. 400; *Anderson* v. *R. W. & O. R. R. Co.*, 54 id. 334; *Brague* v. *Lord*, 67 id. 495, 499; *Worrall* v. *Parmelee*, 1 id. 519; *People* v. *Gonzalez*, 35 id. 59; *Enders* v. *Sternbergh*, 1 Keyes, 264, 271.) Proof of former accidents happening at the same place is immaterial. (*Sherman* v. *Kortright*, 52 Barb. 269; *Blair* v. *Pelham*, 118 Mass. 420; *Parker* v. *Portland Publishing Co.*, 69 Me. 173; *Hubbard* v. *R. R. Co.*, 39 id. 106; *Collins* v. *Dorchester*, 6 Cush. 396; *Hudson* v. *Ch. & N. W. R. R. Co.*, 59 Ia. 581; 27 Alb. L. J. 115; *Wooley* v. *Grand St. R. R. Co.*, 83 N. Y. 130; *Quinlan* v. *City of Utica*, 11 Hun, 217; 74 N. Y. 603; *Eggleston* v. *Col. Turnpike Co.*, 18 Hun, 146; *Burns* v. *City of Schenectady*, 24 id. 10; *Dale* v. *D. L. & W. R. R. Co.*, 73 N. Y. 468; *Hawley* v. *Hatter*, 9 Hun, 134.) The obstruction being visible and apparent, it was plaintiff's duty to avoid it. (*Salter* v *U. & B. R. R. R. Co.*, 75 N. Y 276; *Pakalinsky* v. *N. Y. C. R. R. Co.*, 82 id. 424; *Quincy* v. *Barker*, 81 Ill. 300; *O'Laughlin* v. *Dubuque*, 42 id. 539; *Ernst* v. *H. R.*

*R. R. Co.*, 39 id. 61; *Wilcox* v. *R. W. & O R. R. Co.*, id. 358, 366.) The place where the plaintiff was injured, although open to the public, was not, in fact, a public street, over which defendant had jurisdiction. (*Rosell* v. *Andrews*, 7 East. R. 334; 24 W. D. 448; *Walsh* v. *Mead*, 8 Hun, 387; *City of Rochester* v. *Montgomery*, 72 N. Y. 65; *Village of Port Jervis* v. *First Nat. Bk.* 96 id. 550; *Durgin* v. *City of Lowell*, 3 Allen, 398.) This claim should have been presented to or acted upon by the auditors of the village. (*Reining* v. *City of Buffalo*, 102 N. Y. 308; *Minick* v. *City of Troy*, 83 id. 514; *McCluskey* v. *Cromwell*, 11 id. 593; *Benton* v. *Wickwire*, 54 id. 226.) There is no duty resting on the defendant to clear off its sidewalks from snow and ice, because no power has been conferred upon it to raise and expend money for such purpose. (*Hines* v *City of Lockport*, 50 N. Y. 238; *Weed* v. *Village of Ballston Spa*, 76 id. 335.) There is a recognized difference between streets in cities or incorporated villages, and roads and highways as designated in the general highway system of the State. (*In re Woolsey*, 95 N. Y. 135; *In re Lexington Ave.* 29 Hun, 303; Laws of 1863, chap. 93; Laws of 1876, chap. 340; Laws of 1880, chap. 305.) Therefore, as by the charter of Saratoga Springs a complete scheme is provided for making, repairing and clearing sidewalks by the owners of adjoining property, and when no authority is given anywhere to raise money for those purposes, but by implication the right to use money therefor is excluded, the trial judge should have granted the motion for a nonsuit. (*Garlinghouse* v. *Jacobs*, 29 N. Y. 297; *Hover* v. *Barkhoof*, 44 id. 113, 120, *Hines* v. *City of Lockport*, 50 id. 236; *Weed* v. *Village of Ballston*, 76 id. 335; *People ex rel. Loomis* v. *Town of Little Valley*, 75 id. 316; *Hiller* v. *Village of Sharon*, 28 Hun, 344; *Conrad* v. *Trustees of Ithaca*, 16 N. Y. 161.)

*L. B. Pike* and *Chas. M. Davison* for respondent. The street in question was one of the streets or highways of the village over which it had jurisdiction, and which it was bound

to keep in repair. (*Pearsall* v. *Post*, 20 Wend. 115; *Hickok* v. *Trustees of Plattsburgh*, 41 Barb. 135; *Wiggins* v. *Talmage*, 11 id. 457; *People* v. *Loehfelm*, 102 N. Y. 1; *Salsbury* v. *Village of Ithaca*, 94 id. 30; *Requa* v. *City of Rochester*, 45 id. 129.) The village having treated Lake avenue as a street within its limits, is estopped from denying that it is a street or sidewalk within its control. (*Sewell* v. *City of Cohoes*, 75 N. Y. 45; *Graves* v. *Otis*, 2 Hill, 466, 470.) The evidence tended to prove the actual dedication, acceptance and user, and that it was one of the streets over which defendant had and exercised jurisdiction and this court is concluded thereby. (*People* v. *Loehfelm*, 102 N. Y. 1 ) The sidewalk in this case having been built, no matter by whom, the keeping in repair was a ministerial act, and not in any sense judicial. (*Salsbury* v. *Village of Ithaca, supra.*) The duty to keep the sidewalk in repair is imposed by charter of village. (Laws of 1866, chap. 220, § 25, subd. 14, 23, 39, 43, 44, 45 ; §§ 35, 36, 38, 39, 54.) Proof that the superintendent had not funds in his hands is no evidence that the defendant had not; it was his duty to report to the trustees if he had not. . (Charter, § 39 ; *Weed* v. *Village of Ballston Spa*, 76 N. Y. 335.) The corporation defendant had constructive notice, at least, of the condition of the sidewalk. Constructive notice was sufficient. (*Requa* v. *City of Rochester*, 45 N. Y. 129 ; *Todd* v. *City of Troy*, 61 id. 506; *Kinney* v. *City of Troy*, 38 Hun, 287; *Deyoe* v. *Village of Saratoga*, 3 N. Y. Supr. Ct. [T. & C.] 504; *Goodfellow* v. *City of N. Y.*, 100 N. Y. 15.) It was the duty of defendant to keep the street clear of this obstruction ; keep the sidewalk in condition, that the traveler might safely pass over it, no matter by whom or how the obstruction was placed there, and if, after actual or constructive notice, it neglected its duty, it is made liable for any damages resulting therefrom to a traveler whose own negligence does not contribute to the injury. (*Todd* v. *City of Troy*, 61 N. Y. 509 ; *Weed* v. *Village of Ballston*, 76 id. 333 ; *Hines* v. *City of Lockport*, 50 id. 236 ; *Salsbury* v. *Village of Ithaca*, 94 id. 27 ; *Regberg* v. *Mayor*, etc., 91 id. 137; *Hyatt* v. *Village*

*of Rondout,* 44 Barb. 385 ; *Hume* v. *Mayor, etc.,* 74 N. Y. 270 ; *Moore* v. *Gadsden,* 87 id. 86, 87, 88 ; *Kinney* v. *City of Troy,* 38 Hun, 287.) The plaintiff had a right to assume that the sidewalk was safe and was not required to be on guard against this unlawful obstruction. (*McGuire* v. *Spence,* 91 N. Y. 303 ; *Evans* v. *City of Utica,* 69 id. 166 ; *Brusso* v. *City of Buffalo,* 90 id. 679 ; *Driscoll* v. *Mayor, etc.,* 11 Hun, 101 ; *Thomas* v. *Mayor, etc.,* 28 id. 110 ; *Bullock* v. *Mayor, etc.,* 99 N. Y. 654 ; *Divine* v. *Bailey,* 131 Mass. 169 ; *Davenport* v. *Ruckman,* 37 N. Y. 573 ; *Child* v. *West Troy,* 23 Hun. 68.) The court at the trial committed no error in overruling defendant's objection to the evidence as to the condition of the sidewalk and the danger of falling. (*Quinland* v *City of Utica,* 11 Hun, 217 ; 74 N. Y. 603.)

EARL, J. The plaintiff commenced this action to recover damages for injuries received by her from falling upon one of the sidewalks in the village of Saratoga Springs, on the 9th day of January, 1883. At that time, snow and ice had accumulated upon the sidewalk on the southerly side of Lake avenue, opposite the premises of one Andrews, until the embankment was about three feet thick above the surface of the ground, and two and one-half feet thick above the snow upon the sidewalk easterly and westerly of the premises mentioned. While she was passing along the sidewalk over this embankment she slipped down and received the serious injuries of which she complains. This snow and ice had fallen, from time to time, from the roof of a barn standing near the sidewalk, and had been there for at least two weeks.

Under its charter (Chap. 220, Laws of 1866), the village of Saratoga Springs is constituted a separate road district, exempt from the superintendence and care of the commissioners of highways of the town of Saratoga Springs, and the trustees are constituted and declared to be the commissioners of the village ; they are authorized to appoint a superintendent who is to have the care and supervision of the streets and sidewalks

of the village, subject to their general control and direction; they are empowered, and it is made their duty to establish such ordinances, by-laws and regulations as they may think proper and reasonable, among other things to establish the grade of the streets and sidewalks, to provide for and regulate the paving, repairing and improving streets and sidewalks, and the cleaning of streets and sidewalks as often as may be necessary; and ample power is conferred upon the village and its trustees to raise money for the purpose of discharging the duties and obligations thus imposed upon it in reference to its streets and sidewalks.

That under such a charter it was the duty of the defendant to keep its streets and sidewalks in a reasonably safe and proper condition for public use, and that for neglect of such duty it was liable for damages to persons, without fault on their part, receiving injuries upon its streets, has been settled by many decisions in this State, and is no longer open to question. (*Conrad* v. *Village of Ithaca*, 16 N. Y 158, *Requa* v. *City of Rochester*, 45 id. 128; *Hines* v. *City of Lockport*, 50 id. 236; *Todd* v. *City of Troy*, 61 id. 506; *Evans* v. *City of Utica*, 69 id. 166; *Weed* v. *Village of Ballston Spa*, 76 id. 329; *Saulsbury* v. *City of Ithaca*, 94 id 27; *Dubois* v. *City of Kingston*, 102 id. 219.) The rule of municipal responsibility as to streets and sidewalks is equally applicable to incorporated villages and to cities, and the same principles which impose liability upon the one class of corporations impose it upon the other.

If the municipal authorities have actual notice of a dangerous defect in a street, then it is their duty without unreasonable delay to repair it. They do not fill the measure of their responsibility, however, by acting simply when they have actual notice; but they owe to the public the duty of active vigilance; and when a street or sidewalk has been out of repair for any considerable length of time, so that by reasonable diligence they could have notice of the defect, such notice may be imputed to them. So, in this case, if all the other conditions existed for imposing liability upon the

defendant, it is not claimed that the facts of the case were not such that the jury could find that the defendant had, or ought to have had, notice of the dangerous condition of this sidewalk.

But the defendant seeks to escape liability upon various grounds which will be separately noticed.

(1.) It is claimed that the place where the plaintiff was injured, although used by the public, was not in fact a public street or sidewalk over which the defendant had jurisdiction. But it is undisputed that this street had been open to its full width for about forty years; that it was one of the principal streets of the village, extensively used by the public; that the sidewalk had been laid out and used during all of that time; that water mains had been laid through the street; that the village had assumed jurisdiction over it, and that curb-stones had been placed along the sidewalks at the expense of the village. We think that there was abundant evidence from which the jury could properly find that this street, for its whole width, had been dedicated to and accepted by the public, and that it was legally and lawfully one of the streets of the village. (*Cook* v. *Harris*, 61 N. Y. 448; *People* v. *Loehfelm*, 102 N. Y. 1.)

(2.) It appears sufficiently that the defendant either had the means to clear this sidewalk of the accumulation of ice and snow or the ability to raise the means. By section 38 of the village charter, it is made the duty of the village superintendent, in the month of April of each year, to report, in writing, to the board of trustees the general condition of "the streets, bridges, culverts, sidewalks, lanes and alleys with estimates of the probable expense to put them in good repair. He shall also within ten days prior to each annual village election report, in writing, to the board of trustees the condition of the streets, bridges, culverts, sidewalks, lanes and alleys with the probable amount necessary to keep them all in good order during the coming year." Section 39 provides that whenever " any repairs shall be necessary on any public street, bridge, culvert, sidewalk, lane or alley in said village

the village superintendent shall attend to such repairs, and when there are no funds in his hands to make such repairs he shall report the fact to the board of trustees with his opinion as to the amount necessary for such purpose, to the end that the means may be provided and .drafts drawn upon the particular fund belonging to the highway department to meet such expenses. He shall be subject to the same direction and control of the commissioners of highways of the village in the care and supervision of the public streets, bridges, culverts, sidewalks, lanes and alleys therein and to the same penalties for neglect of duty as the overseers of highways of the several road districts in the town of Saratoga Springs are to the commissioners of highways of said town. He shall be personally responsible to the public for neglect of duty to the same extent as the commissioners of said village." Section 54 provides that for the purpose of "providing the means of sustaining the several departments and defraying the expenses of the corporation, the board of trustees are authorized to levy and collect an annual tax in amounts and for the purposes as follows:

Subdivision 1. Not exceeding $7,500 for the support of roads, bridges, culverts, streets, lanes and alleys within the village."

The claim on the part of the defendant is, that because sidewalks are not mentioned in this last section, therefore there was no power in the trustees to raise any money for the repair of sidewalks. But in various other parts of the charter sidewalks are specially mentioned, and they are placed under the care and supervision of the trustees ; and the superintendent under their direction is bound to attend to and make the repairs upon them as well as the streets. The word "streets" is used here in its broad sense and was intended to include not only the roadway for teams, but the sidewalks for pedestrians. (*In re Burmeister*, 76 N. Y. 174.) While it is made the duty of the village to keep the sidewalks in repair, it would be quite extraordinary if there were no provision in the charter by which it could procure funds for the purpose

of discharging that duty.  We think, therefore, that the word " streets " should be held to mean the entire space between the outer lines of the streets, including the sidewalks, and that the money authorized to be raised under that section could be used as well for the repair of the sidewalks as of the road-bed in the center of the streets.

The only evidence given on the trial to prove that the village had no funds to repair this sidewalk was the evidence of the village superintendent who testified that he did not have any money in his hands for that purpose.  But there was no proof that there were not sufficient funds in the treasury of the village which, under the charter, could have been placed in his hands and used for that purpose if he had applied for it.

(3.) It is further objected that the plaintiff's claim was never presented to or acted upon by the auditors of the village as required by chapter 517 of the Laws of 1875.  A sufficient answer to this objection is that it was in no way made upon the trial, and is not presented to us by any proper exception. But it may, however, be further said that the plaintiff's claim is not one of those which is required to be audited under that act.  The claims there referred to are clearly claims for expenditures made on behalf of the village, or for services rendered for, or goods or materials furnished to the village. And this claim, therefore, required no audit.

(4.) Upon the trial the plaintiff offered in evidence one of the ordinances of the village, which imposed penalties upon persons who should throw any snow or ice from roofs upon sidewalks, and upon the owners and occupants of lots or buildings who should neglect to keep the sidewalks in front of their lots and buildings free and clear of snow and ice and other incumbrances.  The defendant objected, and the objection was overruled and the evidence admitted.  In this we perceive no error harmful to the defendant.  It was not held liable for failure to make proper ordinances, or to enforce the ordinance proved.  So far as it had any effect whatever, it would seem to have been beneficial to the defendant, as it

showed that it had so far discharged its duty by passing proper ordinances for keeping the sidewalks free and clear of ice and snow. It had no material bearing in favor of the plaintiff except to show that the trustees were aware of the importance of removing such obstructions from the sidewalks of the village and of their dangerous character.

(5.) It is also claimed that there was error in allowing one of the witnesses to testify, against the objection of the defendant, that she fell down once at the same place where the plaintiff was injured. She was called by the plaintiff to testify to the condition of the walk, and testified that she recollected its condition; that the snow was packed very hard from falling from the roof of the barn; that the embankment at each end was slanting, and that a person had to be very careful or fall; that she knew that to be a fact and spoke from experience; and then she was permitted to say that she fell there once herself. That evidence was given, apparently to show how she came to know the condition of the walk at that place. But such evidence has been held to be competent. (*Quinlan* v. *City of Utica*, 11 Hun, 217, affirmed, 74 N. Y. 603.)

(6.) The evidence tended to show that this embankment of snow and ice was perfectly visible; that the plaintiff must have seen it as she passed over it, and that there was a light covering of recent snow over the ice. The defendant requested the court to charge the jury " that if the obstruction was visible and apparent to any passer by, the plaintiff was guilty of negligence in attempting to cross it; " also that " if the defect complained of was such as would be seen by an ordinary person passing along the street, it was negligence for the plaintiff to attempt to pass over the defect, but she should have gone around the same." The court declined to charge as requested, and the defendant's counsel excepted.

The charge of the judge sufficiently laid down the rule of law as to plaintiff's contributory negligence, and it would not have been proper for the judge to charge as matter of

law that it was negligence for the plaintiff, under the circumstances disclosed in this case, to attempt to pass over the embankment. (*Evans* v. *City of Utica, supra, Brusso* v. *City of Buffalo*, 90 N. Y. 679; *McGuire* v. *Spence*, 91 id. 303; *Bullock* v. *Mayor, etc.*, 99 id. 654.)

We have now noticed all the objections to plaintiff's recovery, which were brought to our attention upon the argument of this case by the learned counsel for the appellant, and we do not think any of them furnish a sufficient reason for the reversal of the judgment. We may, however, say that the responsibility cast upon cities and villages, for injuries caused by slipping down upon streets and sidewalks, in consequence of snow and ice, is a very serious one. In this climate, where during several months of the year snow falls in large quantities and ice is from time to time created, it is quite impossible, particularly in villages, at all times to keep the streets and sidewalks in a safe condition. In this village it appears that there were seventy-five miles of sidewalks, and but one superintendent having charge of all the streets and sidewalks. It is manifestly difficult under such circumstances for such a village to keep its sidewalks at all times clear of snow and ice; and the proof should be very satisfactory, showing clear neglect of duty, before liability for injuries caused by snow and ice should be imposed.

The evidence from which such notice could be imputed to the defendant, as would charge it with negligence in not removing this embankment of snow and ice, was very meagre and slight; but we cannot say that it was not sufficient for the consideration of the jury. Indeed it was not claimed at the trial or on the argument before us that it was not.

Actions of this nature are becoming quite numerous, and they may well cause some alarm to those who bear the burdens of village taxation. But they must rely for their protection against unjust accident claims in the justice and sound sense of jurors, and in the power which the courts below possess to deal with verdicts, which are excessive in amount or against the weight of evidence.

We therefore reach the conclusion that the judgment should be affirmed, with costs

All concur, except PECKHAM, J., not sitting.

Judgment affirmed.