DAVID H. FLACK et al., Appellants, v. THE VILLAGE OF GREEN ISLAND, Respondent.

The question as to whether a public highway has been created by dedication and acceptance, is one of fact; it necessarily involves the intent and acts of the owner and acceptor.

The intent of the owner to give must be followed by an abandonment of his exclusive enjoyment of the land, and the intent to accept, in the absence of any formal act of acceptance, by the use and appropriation of the land as a highway.

In an action to restrain defendant from removing or interfering with a building located on land which defendant claimed was part of two of its streets, it appeared that many years ago a map was made by the owner of a parcel of land of which that in question was a part, dividing it into streets and lots, upon which map the land in question appeared as part of two streets; that plaintiff's lessor gave numerous conveyances of lots which recognized and adopted the map and referred to the two streets, and also received conveyances of lots as so laid out, and that it had a copy of the map in its office at the time of the making of said conveyances. Evidence was also given tending to show user for more than twenty

years of these streets by the public and acquiesence by the owner, also recognition by defendant, by official acts, of the map and the streets as laid out thereon, and that through its board of trustees it had assumed and exercised the right to grade, make repairs and care for said streets, including the land in question, and the same had not been for that period, assessed or taxed to any one, while the lots as laid out on the map were assessed and taxed. *Held,* the evidence justified a finding that the two streets as designated on the map had been dedicated and duly accepted by the public and by the defendant as public highways. This court will not reverse on the facts a judgment of affirmance by the General Term in an action tried by the court below unless it appears from the case that there is no evidence to support an essential finding properly excepted to, or that there is a refusal duly excepted to, to find an essential fact established by uncontradicted evidence.

(Argued June 16, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made February 2, 1886, which affirmed a judgment in favor of defendant entered upon the report of a referee dismissing the complaint upon the merits.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Barnwell Rhet Heyward* for appellants. There was never any dedication of the so-called streets by the owners, so far as they are claimed to exist upon the land described in the complaint. (Thomp. on Highw. 65; *Hollane* v. *Cold Spring,* 21 N. Y. 474; *N. F. S. B. Co.* v. *Bachman,* 66 id. 201, 269; *Strong* v. *City of Brooklyn,* 68 id. 1, 16; *Badeau* v. *Mead,* 14 Barb. 328; *Gould* v. *Glass,* 19 id. 179; *Cohoes* v. *D. & H. C. Co.,* 54 Hun, 558, 562; *Mayor, etc.,* v. *Stuyvesant,* 17 N. Y. 34; *Ludlow* v. *Oswego,* 25 Hun, 260; *Carpenter* v. *Gwynn,* 35 Barb. 395; *In re Eleventh Ave.,* 49 How. 208; *U. S.* v. *Chicago,* 7 How. Pr. 196; *Irwin* v. *Dixion,* 9 id. 31; *Hoole* v. *Atty.-Gen.* 22 Ala. 190; *State* v. *Green,* 41 Ia. 693; *Talbot* v. *Grace,* 30 Ind. 389; *Sullivan* v. *State,* 52 id. 309; *Hemingway* v. *Chicago,* 60 Ill. 324; *Remington* v. *Millerd,* 1 R. I. 93; *Simmons* v. *Mumford,* 2 id. 172;

*Becker* v. *City of St. Charles*, 47 Mo. 13 ; *Manor* v. *Brodie*, 10 H. L. 378, 386, 392; *Little* v. *Lincoln*, 106 Ill. 354 ; *Hembold* v. *Chicago*, 108 id. 467 ; *In re Ingraham*, 4 Hun, 494 ; *Bissell* v. *N. Y. C. & H. R. R. R. Co.*, 23 N. Y. 61 ; *Grinnel* v. *Kirtland*, 2 Abb. [N. C.] 396 ; 68 N. Y. 629.) There never has been any acceptance of the alleged dedication so as to make it effectual and binding. (*Holdane* v. *Vil. of Cold Spring*, 21 N. Y. 479 ; *Child* v. *Chappell*, 9 id. 258 ; *N. F. B. Co.* v. *Bachman*, 66 id. 261 ; *Cook* v. *Harris*, 61 id. 448, 454 ; *Taylor* v. *Hopper*, 62 id. 649 ; *Clement* v. *West Troy*, 16 Barb. 251 ; *Trustees of Jordan* v. *Otis*, 37 id. 50 ; *Remington* v. *Millerd*, 1 R. I. 93 ; *Becker* v. *City of St. Charles*, 37 Mo. 13 ; *Muzzy* v. *Davis*, 54 Me. 361 ; Laws of 1847, chap. 426 ; Laws of 1858, chap. 170, §§ 5, 6 ; Laws of 1869, chap. 882, §§ 47, 75 ; *Strong* v. *City of Brooklyn*, 68 N. Y. 1, 16 ; *Talmadge* v. *Hunting*, 29 id. 458 ; *Jackson* v. *Johnson*, 5 Cow. 74 ; *Humbert* v. *Rector, etc.*, 24 Wend. 587 ; *Colvin* v. *Burnet*, 17 id. 564 ; *Wickham* v. *Conklin*, 8 Johns. 220 ; *In re S. Bridge*, 100 N. Y. 642.) The alleged streets, having remained unworked for six years, lost their character as highways for any purpose whatever. (*Ludlow* v. *City of Oswego*, 25 Hun, 260 ; *Talmadge* v. *Hunting*, 29 N. Y. 458; Laws of 1861, chap. 311 ; Sedg. on Stat. 238 ; *Remington* v. *Millerd*, 1 R. I. 93 ; *Beckwith* v. *Whalen*, 70 N. Y. 401 ; 25 Hun, 260 ; *Parker* v. *Foote*, 19 Wend. 309, 313 ; *Curtis* v. *Keesler*, 14 Barb. 511 ; *Tyler* v. *Wilkinson*, 4 Mason, 397, 402 ; *Wright* v. *Howard*, 1 Sim. & S. 109, 203 ; 10 S. & R. 63, 69 ; 4 Day, 244, 250 ; 20 Penn. St. 331 ; 9 Pick. 251 ; *Amsbry* v. *Hinds*, 48 N. Y. 57.) The so-called obstruction could not be removed by the village authorities until they had determined what the width of the alleged streets were, and had served notice on the plaintiffs. (*Talmadge* v. *Hunting*, 29 N. Y. 447 ; *Doughty* v. *Brill*, 3 Keyes, 612 ; *Cook* v. *Covil*, 18 Hun, 288 ; *Jordan* v. *Otis*, 39 Barb. 50 ; *McMannis* v. *Butler*, 49 id. 176 ; *Christie* v. *Newton*, 60 id. 336 ; *Marvin* v. *Pardee*, 64 id. 353 ; *Chapman* v. *Swan*, 65 id. 210 ; *Rozell* v. *Andrews*, 103 N. Y. 150 ; *Coykendall* v. *Dwokes*,

19 Hun, 260; *Griffith* v. *McCullum*, 46 Barb. 561, 569; *People* v. *Loehfelm*, 102 N. Y. 1; *Harrower* v. *Ritson*, 37 Barb. 301; *Goldsmith* v. *Jones*, 43 How. Pr. 415; *Howard* v. *Robbins*, 1 Lans. 63.) The village authorities have no power to lay out a street across railroad lands required by them for general purposes. (*A. N. R. R. Co.* v. *Brownell*, 24 N. Y. 345; *P. P. R. R. Co.* v. *Williamson*, 91 id. 552; *B. & A. R. R. Co.* v. *Greenbush*, 52 id. 510; *M. & H. R. R. Co.* v. *Artcher*, 6 Paige, 83.) The plaintiffs were entitled to a judgment in their favor, upon the findings of the referee. (Code Civ. Pro. §§ 1638, 1640, 1645.)

*Henry A. King* for respondent. The referee found a dedication of Paine and Lafayette streets, at the place in question, to the public use for highway purposes, and the evidence warranted the finding. (*Cook* v. *Harris*, 61 N. Y. 448, 454; *Pomfrey* v. *Saratoga Springs*, 104 id. 459; 34 Hun, 607; Dillon on Mun. Corp. [3d ed.] §§ 636, 637, 638; *People* v. *Loehfelm*, 102 N. Y. 1, 4; *Livingston* v. *Mayor, etc.*, 8 Wend. 85, 105, 106; *Wyman* v. *Mayor, etc.*, 11 id. 486, 500; *Story* v. *N. Y. E. R. R. Co.*, 90 N. Y. 122, 145; *Newman* v. *Nellis*, 97 id. 285, 290; *In re Furman Street*, 17 Wend. 650, 661; *In re Thirty-second Street*, 19 id. 128, 130; *In re Twenty-ninth Street*, 1 Hill, 189; *De Witt* v. *Vil. of Ithaca*, 15 Hun, 568; *Taylor* v. *Hepper*, 5 T. & C. 173; 62 N. Y. 649, 650; *Wiggins* v. *McCleary*, 49 id. 346; *Cox* v. *James*, 45 id. 557; *Cowen's Case*, 4 Paige, 510; *Clement's Case*, 10 How. Pr. 199, 205, 206; *Hunter* v. *Trustees of Sandy Hill*, 6 Hill, 407, 414; *Porter* v. *Vil. of Attica*, 33 Hun, 605; *Denning* v. *Roome*, 6 id. 652; *Tingley* v. *Providence*, 8 R. I. 493; *Irwin* v. *Dixon*, 9 How. [U. S.] 10, 33; *In re Hand Street*, 52 Hun, 206, 212.) Acceptance by the defendant and the public of the dedication of Paine and Lafayette streets, at the place in question, was found by the referee. The evidence not only warranted such finding, but a finding to the contrary would have been in the face of overwhelming evidence. (*Holdam* v. *Trustees, etc.*, 21 N. Y. 474, 479; *Cook* v. *Har-*

*ris*, 61 id. 448; *People* v. *Loehfelm*, 102 id. 1; *McMannis* v. *Butler*, 51 Barb. 436; *In re Ingram*, 4 Hun, 498; *Porter* v. *Vil. of Attica*, 33 id. 605, 609; *Pomfrey* v. *Vil. of Saratoga Springs*, 34 id. 607; 104 N. Y. 459, 466.) The statute declares that such user establishes a public highway. (2 R. S. [7th ed.] 1249, § 100; *Devenpeck* v. *Lambert*, 44 Barb. 596; *Galation* v. *Gardner*, 7 Johns. 106.) Plaintiff's grantor dedicated the lands to public use; and for many years acquiesced in the public user thereof for highway purposes. (*Story* v. *N. Y. E. R. R. Co.*, 90 N. Y. 122, 145, 165; 6 id. 257.) Plaintiff's argument that, conceding the dedication and acceptance of the streets in question, they have since lost their character as such by remaining unworked for six years is untenable. (*Vanderbeck's Case*, 46 Hun, 87; *In re Lexington Ave.*, 29 id. 303; 92 N. Y. 629; *Beckwith* v. *Whalen*, 65 id. 322, 332; *McMannis* v. *Butler*, 51 Barb. 436; *Vandemark* v. *Porter*, 40 Hun, 397, 399; *McCarthy* v. *Whalen*, 19 id. 503, 507; *Hory* v. *Vil. of Haverstraw*, 47 Hun, 359; *Hood* v. *Smith*, 5 Wkly. Dig. 117; *Amsbry* v. *Hinds*, 46 Barb. 622; *S. V. Asylum* v. *Troy*, 76 N. Y. 108; *Driggs* v. *Phillips*, 103 id. 77, 83.) Plaintiff's store-house is a public nuisance. (*Davis* v. *Mayor, etc.*, 14 N. Y. 506; *People* v. *Vanderbilt*, 26 id. 287; 28 id. 396; *People* v. *Cunningham*, 1 Den. 524; Wood on Nuisance, § 252; *Hart* v. *Mayor, etc.*, 9 Wend. 571, 584, 596; *People* v. *Loehfelm*, 102 N. Y. 1; 28 id. 396, 399; 14 id. 506, 525; Kerr on Injunctions, 268; *S. V. O. Asylum* v. *Troy*, 76 N. Y. 106, 112; *Driggs* v. *Phillips*, 103 id. 77.) Defendant's trustees have the powers and duties of commissioners of highways. (Laws of 1869, chap. 882, §§ 22, subd. 10, 47.) They not only were justified in presenting the resolution which is the occasion of this suit, but it was their duty to pass such resolution and see it executed. And the plaintiffs are not entitled to the relief prayed for. (*S. V. O. Asylum* v. *Troy*, 76 N. Y. 106; *Cook* v. *Harris*, 61 id. 448; *Hart* v. *Mayor*, 9 Wend. 24; *Wetmore* v. *Tracy*, 14 id. 250; *Meeker* v. *Van Rensselaer*, 15 id. 397; High on Inj. [2d ed.] §§ 588, 593, 1311; *Van Wormer* v.

*Mayor*, 15 Wend. 263 ; *Walker* v. *Caywood*, 31 N. Y. 51, 61 ; *Van Wyck* v. *Lent*, 20 Wkly. Dig. 86 ; *Driggs* v. *Phillips*, 103 N. Y. 77, 82.) Plaintiffs are not entitled to the interposition of a court of equity. (*Hart* v. *Mayor, etc.*, 9 Wend. 571, 581 ; 3 Paige, 212, 214 ; *Jerome* v. *Ross*, 7 Johns. Ch. 315, 331 ; *T. & B. R. R. Co.* v. *B., H. T. & W. R. Co.*, 86 N. Y. 106, 126 ; *Hyatt* v. *Bates*, 40 id. 164, 167 ; High on Inj. [2d ed.] §§ 9 22, 923, 701 ; *S. V. O. Asylum* v. *Troy*, 76 N. Y. 106 ; *Cook* v. *Harris*, 61 id. 448 ; *Van Wyck* v. *Lent*, 20 Wkly. Dig. 86 ; *Driggs* v *Phillips*, 103 N. Y. 77.) No material error adverse to plaintiffs was committed upon the trial. (*Baldwin* v. *Doying*, 114 N. Y. 452 ; *Porter* v. *Smith*, 35 Hun, 118 ; 107 N. Y. 531 ; *Argersinger* v. *MacNaughton*, 114 id. 535, 541 ; *Patterson* v. *Robinson*, 116 id. 193, 199 ; *West* v. *Kiersted*, 15 Wkly. Dig. 549 ; 2 Dillon on Mun. Corp. § 642 ; *Hickok* v. *Trustees, etc.*, 41 Barb. 130 ; *Tingley* v. *Providence*, 8 R. I. 493 ; *Irwin* v. *Dixon*, 9 How. [U. S.] 10, 33.) In an equity action a new trial will not be granted for errors in the admission or exclusion of evidence if the case has been rightly decided upon sufficient and competent evidence. (Code Civ. Pro. § 1003 ; *Marsh* v. *Pierce*, 21 Wkly. Dig. 51 ; *King* v. *Whaley*, 59 Barb. 71, 79 ; *Church* v. *Kidd*, 3 Hun, 254, 267 ; *Platt* v. *Platt*, 2 T. & C. 25, 26 ; *Post* v. *Mason*, 91 N. Y. 539.)

Potter, J. This is an action in equity asking to have the defendant, a municipal corporation, perpetually enjoined from removing or interfering with a store-house of the plaintiff Flack, located as alleged in the complaint, upon land of the plaintiff, the Delaware and Hudson Canal Company, and near its railroad, and leased to plaintiff Flack, and declaring the title thereto to be in the said Delaware and Hudson Canal Company, subject to no easement for highway and other purposes.

The answer alleged that plaintiff Flack erected the store-house upon the lands forming a part of Paine and Lafayette streets, in the village of Green Island, and covering 1,700

square feet of the former and 930 square feet of and entirely crossing the latter.

The issue thus presented was whether the land occupied by the store-house, or a part of it, was a street or public highway.

Questions of this character have frequently arisen and the principles upon which they have been decided are quite familiar to the legal profession.

In a large proportion of such controversies the principal question to be decided has been, as in this case, whether the place in dispute has been dedicated by the owner to the use of public travel and whether the same has been accepted for such purpose.

Such an issue necessarily involves the intent and acts of the owner and the intent and acts of the acceptor. The evidence of such intent may rest in writing or oral declarations, or in the acts of the parties concerned. Where such intents are not evidenced by acts, the mere intent of one or even both the parties signifies nothing. The intent of the respective parties must be followed by appropriate and characteristic acts upon the part of each party. The intent of the owner to give must be followed by an abandonment of his exclusive enjoyment of the thing, and the intent to accept the thing must be followed by the use and appropriation of it.

Dedication is essentially of the nature of a gift. There can be no gift without a surrender of the subject by the one and acceptance of it by the other.

These views are sanctioned and illustrated by numerous reported cases. It will serve the purposes of the case under consideration to refer to but few of them.

Upon the point of an intent to dedicate and the specific evidence to support such intent, reference is made to the case (which in some respects is a leading case upon this subject) of *Cook* v. *Harris* (61 N. Y. 448–454). "The owner's acts and declarations should be such as to manifest an intention to abandon or devote his property to the public use." "No particular length of time is essential to make a dedication valid and irrevocable." "The dedication and acceptance may both occur on a single day. All that is needed in any case is

room for estoppel to work." "The intention of the owner to dedicate is the essential thing, and this is to be found in facts and circumstances of each particular case." (*Pomfrey* v. *Saratoga Spa*, 104 N. Y. 459.) "Where a plot is made and recorded, the requisite intention is generally indisputable." (Dillon on Mun. Corp. § 636.) "A sale of lots with reference to such plat or describing lots as bounded by streets, will amount to an immediate and irrevocable dedication of the latter, binding upon both the vendor and vendee." (Dillon on Mun. Corp. § 640.)

The case of *Bissell* v. *N. Y. C. R. R. Co.* (23 N. Y. 61), is also a leading case upon the subject of dedication. In that case the grantor, in a conveyance, referred to a street, and it was held that as to his grantees, he dedicated it as a street; that as to whether the public ever accepted it or not, and regarding the public generally, it did not become a street or highway until there had been an acceptance, either by formal act of public authority or by common user, under such circumstances as to show an intention to accept it. The same doctrine was held in *Story* v. *N. Y. E. R. R. Co.* (90 N. Y. 122). And the same doctrine is further illustrated in *Newman* v. *Nellis* (97 N. Y. 285).

To the same effect is *Hunter* v. *Trustees of Sandy Hill* (6 Hill, 407), where it was held that lapse of time is not an essential ingredient, but the dedication may be established by acts on the part of the owner and the public, unequivocal in their character, though occurring on a single day. "Long continued and uninterrupted use of land by the public, however, furnishes strong evidence of dedication."

Upon the point of acceptance, and the kind and sufficiency of the evidence to prove acceptance, reference may be had to the following cases in addition to the cases above cited: In *Holdane* v. *Trustees of Cold Spring* (21 N. Y. 474–479), it is said: "To complete the dedication of a highway, if there has been no formal act of acceptance by public authority, the acceptance may be made by common user as a highway of the land dedicated."

Dillon says, in section 642 (3d ed.) of his work on munici-
pal corporations : " Acceptance may be express and appear of
record, or it may be implied from repairs made and ordered
or knowingly paid for by the authority which has the legal
power to adopt the street or highway, or from long user by
the public." (*People* v. *Loehfelm*, 102 N. Y. 1 ; *Porter* v.
*Village of Attica*, 33 Hun, 605; *Pomfrey* v. *Village of
Saratoga Springs, supra.*)

It is plain from the cases cited, and many more that might
be cited, as well as from the essential nature of the issue itself,
that is, whether there has been a dedication and acceptance of
the land for a public highway is a question of fact. (*People*
v. *Loehfelm, supra.*)

The defendant introduced evidence of various kinds and
force, and recognized by the reported cases, and which may
be referred to in a summary manner to sustain the contention
that the place was a public highway. The defendant gave
evidence tending to prove that the Rensselaer and Saratoga
Railroad Company, the lessor of the Delaware and Hudson
Canal Company, one of the plaintiffs in this action, had given
numerous conveyances from 1846 to 1871, which recognized
and adopted the map made by S. A. Beers in 1838 and 1845,
which divided this plat of fifteen acres into streets and lots,
and numbered the lots, and which grants or conveyances
referred to the two streets in question as the boundaries of the
lots being conveyed. The same railroad company, the Rens-
selaer and Saratoga, was also shown to have received convey-
ances of lots out of this tract of fifteen acres referring to the
number of the lots as made upon Beers's map, and to the
streets as laid down upon that map. The defendant also gave
evidence tending to show user for many years of these streets
by the public, and acquiesence by the plaintiff, the Delaware
and Hudson Canal Company, and its predecessor, the Rensse-
laer and Saratoga Railroad Company.

It was shown also by the defendant that these streets were
laid out, and the plat of fifteen acres was divided into lots,
and the village of Green Island, the defendant, by resolution

and by other official acts, recognized such map and such streets as far back as 1853, and on several occasions from that year to the time of the commencement of this action. It was also shown by the defendant that the Rensselaer and Saratoga Railroad Company had a copy of the Beers map in its office before and at the time of the making of the conveyances referring to the lots by number and the streets in question as laid down upon said map. It was also proved that the lots laid out on such map, some of which had been granted as before stated to the Rensselaer and Saratoga Railroad Company, had been assessed to such company, and it had paid the taxes thereon for years, and that the land embraced in these streets had not been assessed to such company or anybody else by the village officials, which facts, in regard to assessments, have been held by authorities to be proper and competent evidence upon the subject of dedication and acceptance. (*Irwin* v. *Dixion*, 9 How. [U. S.] 10–33 ; *In re Hand St.*, 52 Hun, 206–212.)

Upon this evidence the referee has found as facts, among other things, substantially, that the defendant, through its board of trustees, has, since 1855, assumed the right and exercised the duty to grade, work and repair and care for said streets (at the point of the location of the store-house), and that during the same period the defendant had, through its trustees, expended money in grading and repairing sidewalks, gutters and curbstones thereon. That the public used said streets during that period, and for more than twenty years previous to the commencement of this action, and that during the same period the land constituting Paine and Lafayette streets has not been assessed or taxed to the Rensselaer and Saratoga Railroad Company, or to any other person or corporation, and to that finding there is no exception taken by the appellant. That for more than thirty years prior to the commencement of this action the lands designated on said map as Paine and Lafayette streets were dedicated to the public for the use of the public highway, and that such dedication was, at the time thereof, duly accepted by the public, and particularly by this defendant, the village of Green Island.

The consideration of evidence by this court is regulated by well-established rules. They are in substance that the findings of fact of the court below will not be reviewed except where the General Term reversed the judgment in the court below upon a question of fact; nor will this court reverse a judgment unless it appears from the case that there is no evidence to support an essential finding properly excepted to, or a refusal duly excepted to by the appellant, to find an essential fact from uncontradicted evidence. (*Aldridge* v. *Aldridge*, 120 N. Y. 614; *Halpin* v. *Phœnix Ins. Co.*, 118 id. 165; *Baldwin* v. *Doying*, 114 id. 452.)

I do not perceive that any of these rules have been violated in this case, and, hence, find no ground for reversal in any of those respects.

If therefore, the evidence presented in the case left any doubt whether the findings of the referee were sufficiently supported, we should be constrained to presume other and sufficient evidence to sustain the judgment in the absence of a certificate that the case presented all the evidence.

The contention of the appellant that the streets were abandoned by reason of not being opened and worked within six years from the time of being laid out or dedicated, has no basis to rest upon. There is no finding that the streets in question were not opened and worked within six years from the time of the alleged dedication, and so the statute, as amended in chapter 311 of the Laws of 1861, is not applicable. Indeed the learned referee, as we have seen, has found that these streets or highways were opened and worked and used for upwards of twenty years before the commencement of this action, and the fact so found would require that they be deemed public highways. (2 R. S. [8th ed.] 1383, §§ 99, 100.) From the findings of the referee this case would seem to have been disposed of upon the merits, and there is, therefore, no occasion to consider the other question raised by the defendant to the effect that if the land on which the store-house stands is the property of

the plaintiff, and the public have no easement in regard thereto, the acts threatened by the defendant, if consummated, would constitute but a trespass for which there is a full and complete remedy at law.

We are, therefore, constrained to the conclusion that this judgment should be affirmed, with costs.

All concur.

Judgment affirmed.