---

## LENT et al. v. TILYOU.

(Supreme Court, Appellate Division, Second Department. June 23, 1905.)

1. PRIVATE WAYS—APPROPRIATION FOR ELECTRIC CONDUITS.

An electric company cannot extend its conduits through private walks, which have never been acquired by the city for street purposes, solely by reason of its employment by lessees of private places of amusement abutting on the walk, though the public have used the walks for access to the places of amusement.

2. SAME—USE FOR STREET PURPOSES.

Where walks abutting places of amusement have never been acquired by the city for street purposes, a lease of such places as abutting on the walks does not include a lease of the walks for all street purposes, entitling an electric company to lay its conduits therein for the purpose of supplying light to the lessees.

Appeal from Special Term, Kings County.

Action by Abraham Lent and another against George C. Tilyou. From an order granting complainants an injunction, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Thomas F. Magner, for appellant.

Charles A. Collin, for respondents.

JENKS, J. The plaintiffs are an electric lighting corporation, and Lent is a would-be customer. In order to furnish light to Lent or any other customers who might apply, this corporation sought to lay down conduits, tubes, and other apparatus in certain ways known as the Bowery, Tilyou's Walk, and Kensington Walk. Lent is the lessee of the premises which abut upon the Bowery. It is practically undisputed that these three ways are walks made and maintained by the defendant, or by a company which he controls, over private property of which parts have been leased to various persons, as in Lent's case, for places of amusement, and of which a large part has been kept and maintained by the defendant and his said company for like purposes. The public has used these ways or walks for access to these various places of amusement. The Bowery has existed about 13 years. The defendant asserts that none other has ever exercised authority or asserted any jurisdiction over these ways; that he or his company has laid them down

and maintained them; that such use by the public has been under the permission of the said defendant and the other said owner; that he has personally improved the Bowery at large outlay; that he and the other said owner have always held the ways as private property, and in evidence thereof, in every year, for a time, they have excluded the public from the Bowery by barrier. The defendant refused permission to the plaintiff corporation to lay down its conduits and tubes in these ways, and thereupon this action was brought to restrain the defendant from any interference. An injunction pendente lite was granted, and this appeal is by the defendant from the order of injunction.

The learned and able counsel for the respondents concedes that the appellant is the owner of the legal and equitable title to all that part of the Bowery between the westerly terminus of the company's conduit and Lent's premises, and that the said Bowery and the said walks "have never been acquired by the city or dedicated so as to become streets in the legal sense"; but he asserts that Lent, with other occupants, "received their grants or leases, as the case might be, bounded by such streets, or with such streets in physical existence at the time." He asserts that the plaintiff corporation "bases its right to extend its conduits * * * solely by reason of its employment by the said plaintiff (respondent) Abraham Lent, and by other occupants of premises abutting upon the Bowery, Kensington Walk, and Tilyou's Walk."

It is contended that the reasoning in Thousand Island Park Association v. Tucker, 173 N. Y. 203, 209, 65 N. E. 975, 976, 60 L. R. A. 786, is applicable. In that case the plaintiff, a camp meeting or summer park association, had leased lots, and it was held that as against the plaintiff, the errand of Tucker, a farmer who supplied certain lessors of the lots with poultry and vegetables, was lawful; Cullen, J., saying:

"But, however this may be, the lots leased were laid out on a map and plan of the park showing the streets and roads. By leasing the lots as designated on such maps, the plaintiff thereby dedicated the land in the streets and roads to the use of the lot lessees, and any one using a road for access to the premises of such lessee on the latter's request can justify his presence there as against the plaintiff under such dedication."

The cases may be discriminated. Tucker, incidentally to the errands of his business, merely used the road for access, as he had the right to do in common with the public. Naturally, he simply passed and repassed along it as his business required. The case at bar would be analogous if the plaintiff sought to use the way to carry lamps to Lent, or to deliver illuminating oil to him. But the plaintiff does not seek any such occasional use of the way in common with the public, but a permanent physical invasion thereof pro tanto, to the permanent physical exclusion of the defendant. The passing to and fro of Tucker was like unto the user of the public which was contemplated by the defendant in this case. But in permitting the public to use this way for access to the various places, the defendant did not thereby contemplate such use as the plaintiff would make of the land within the ways. In Eels v. A.

T. & T. Co., 143 N. Y. 133, 139, 140, 38 N. E. 202, 204, 25 L. R. A. 640, the court, per Peckham, J., say:

"Still the primary law of the highway is motion, and, whatever vehicles are used, or whatever method of transmission of intelligence is adopted, the vehicle must move and the intelligence be transmitted by some moving body, which must pass along the highway either on or over, or perhaps under, it, but it cannot permanently appropriate any part of it."

And again, speaking of a highway:

"It is not a place which can be permanently and exclusively appropriated to the use of any person or corporation, no matter what the business or object of the latter might be. It was because the highway was permanently, and to some extent exclusively, appropriated by the elevated roads that it was held their erection, without the consent of the abutting owners, was illegal. Story v. Railroad Co., 90 N. Y. 122, 43 Am. Rep. 146."

In Bloomfield, etc., Gas-Light Co. v. Calkins, 62 N. Y. 386, 389, 390, the court, speaking of the laying of gas pipes in a country highway, say:

"The use of the highway thus sought to be maintained is different, more injurious, and liable to produce far greater damage to the owner of the fee than mere passing or repassing; and the pecuniary loss occasioned by the exercise of such a power must necessarily be far more extensive and unlimited in its character. It would be beyond an ordinary trespass on the land or an appropriation of the surface of the soil. It would interfere materially with the freehold and the enjoyment of the fee to an extent greatly exceeding anything which was ever contemplated or intended when the land was appropriated for the ordinary purposes of a highway. The right to the fee, to the fruits of the soil, and to carry water in pipes under the highway, which are laid down as expressly reserved (3 Kent, supra), would be taken away, diverted, and appropriated for the purposes of a corporation, without compensation, and contrary to the clear and manifest original design contemplated by the laying out of the highway, and the intention of the owner of the fee when he parted with his interest."

It is also contended that the grant or lease of lots in this territory includes a corresponding grant or lease of the private street for all street purposes, and that this principle assures the right of the plaintiff to lay its conduits in these ways. We are cited to Palmer v. Larchmont Electric Co., 158 N. Y. 231, 52 N. E. 1092, 43 L. R. A. 672. I think that the cases are not analogous. The plaintiff corporation asserts its right because it is asked to supply light to Lent and others in their own premises. In Palmer's Case, supra, the court recognizes the distinction made in Calkins' Case, supra, that a gaslight company could not lay its pipes in a country highway without compensation to the owner of the abutting land, where its pipes were not used for lighting the highway through which the company sought to lay its pipes. Calkins' Case was approved in Eels v. A. T. & T. Co., supra, and in Van Brunt v. Town of Flatbush, 128 N. Y. 50, 55, 27 N. E. 973, 974. And the basic proposition for the judgment in Palmer's Case is that the owner of a fee in a country highway "taken and opened and dedicated" for the public use is entitled to no further compensation after the highway has become thickly settled and the highway has become a street, and hence the necessity for lighting the street has come, which requires the erection of poles and the stringing of wires, inasmuch as such

lighting was a necessary street purpose, and so was not an additional burden without the implied contemplation of the parties at the time the land was "taken and dedicated to highway purposes." It is not contended that these walks were ever "taken and opened and dedicated" or "taken and dedicated" to highway purposes. Indeed, as I have pointed out, the learned counsel for the respondents states in his printed points that "the said Bowery and said walks have never been acquired by the city or dedicated so as to become streets in the legal sense." Whether there has been a dedication and an acceptance is a question of fact. Flack v. Village of Green Island, 122 N. Y. 107, 25 N. E. 267. I think that upon this record the intent of the defendant and those in common interest was merely to lay down these walks and to maintain them so that the pedestrial public might use them for access to the various places of amusement in this territory. And I think that no act of his or of those in common interest, or of their predecessors, has had the legal effect, in view of the other circumstances, to assure any other or greater rights in these ways to any person or corporation, public or private. It is well settled that "a private way opened by the owners of the land through which it passes for their own use does not become a public highway merely because the public are also permitted for many years to travel over it." Speir v. Town of New Utrecht, 121 N. Y. 420, 430, 24 N. E. 692, 694. And, even though a leasing of these lands under a description of these ways amounted to such a dedication, as was declared in the Thousand Island Park Association Case, supra, mere dedication, without acceptance, does not constitute a public highway. People v. Underhill, 144 N. Y. 316, 324, 39 N. E. 333; Palmer v. Palmer, 150 N. Y. 139, 44 N. E. 966, 55 Am. St. Rep. 653; City of Buffalo v. D., L. & W. R. R. Co., 68 App. Div. 488, 74 N. Y. Supp. 343. It has been held that there may be a partial or special dedication. Gerard on Titles to Real Estate (4th Ed.) 750, citing cases. The opinion of Gibson, C. J., in Gowen v. Phil. Ex. Co., 5 Watts & S. 141, 40 Am. Dec. 489, is pertinent to the facts in this case. See, too, Poole v. Huskinson, 11 Mees. & W. 827. So far as any previous like occupancy of the walks is concerned, the owners were not absolutely estopped from a revocation. Gerard on Titles to Real Estate, 755, and authorities cited. There is no proof that for the full enjoyment of his property the lessee absolutely depends upon electric light to be furnished by this corporation, and therefore the question of the full contemplated enjoyment under the lease of the premises need not be considered. It seems a drastic proposition that a lessee of premises upon a way or road over private land, which may have been thrown open or even dedicated by the owners to the public for purposes of access, may, by a request upon a lighting corporation that it furnish him light for his premises, thereby secure for the corporation, against the will of the said owner, the right to enter upon and permanently occupy that way by its tubes and conduits to such extent as may be necessary to furnish electric light for such purposes. Practically there would be no limit to the network of conduits at the caprice of the tenant, or from the choices of the differ-

ent tenants, or no limit to the disturbances of the street as tenants came and went. A judgment after trial may differ from the preliminary relief justified by this record. Mills v. United States Printing Co., 99 App. Div. 605, 608, 91 N. Y. Supp. 185, and cases cited. But I am of opinion that this injunction pendente lite should not stand.

Order reversed, with $10 costs and disbursements, and motion for injunction denied, with costs. All concur.