ARNOLD UHLEFELDER, Appellant, *v.* THE CITY OF MOUNT VERNON, Respondent.

*Dedication of land for a street — action by the common council of the city recognizing it as a highway — absence in a case on appeal of a statement that it contains all the evidence.*

Where the owner of a strip of land dedicates it to the public for street purposes and, before he revokes such dedication, the common council of the city in which such land is located takes formal action recognizing it as a public highway, such action operates as an acceptance of the dedication and constitutes the land a public highway.

In the absence of a statement, in a case upon an appeal from a judgment, that the case contains all the evidence, the Appellate Division will presume that evidence was given sufficient to support the judgment.    •

APPEAL by the plaintiff, Arnold Uhlefelder, from a judgment of the Supreme Court in favor of the defendant, entered in the office

of the clerk of the county of Westchester on the 16th day of March, 1901, upon the decision of the court, rendered after a trial at the Westchester Special Term, dismissing the complaint upon the merits.

*Milo J. White*, for the appellant.

*William J. Marshall*, for the respondent.

WOODWARD, J.:

The plaintiff brings this action to vacate an assessment affecting property described in the complaint, the assessment having been made for the construction of a lateral sewer in a way or street known as Chester street in the defendant city. The theory of the plaintiff's case is that the street is not in fact a legal highway, and that, therefore, the defendant was without authority to direct the construction of such sewer and levy the assessment against plaintiff's property for the same. The question presented is thus one of fact, and the learned court at Special Term has found that the street was in fact a legal highway, the conclusion of law following necessarily. The plaintiff appeals from the judgment.

We are of opinion that the facts developed by the evidence, so entirely analogous to those presented in *Matter of Hunter* (163 N. Y. 542), fully justified the learned court in reaching the conclusion that there had been a continuous tender of dedication on the part of the owner of the fee of the street for a period of many years up to and including the time that the common council of the defendant city took official action recognizing the existence of such street as one of the public highways of the city of Mount Vernon and that this action on the part of the defendant operated to constitute Chester street a public highway. The very full discussion of the question here involved in the case above cited makes any extended comment unnecessary. The evidence is sufficient to establish that the street was worked under the direction of the public authorities as far back as 1894, after it had been plotted by the owner and lots had been sold bounded on the street, and it has been in continuous use by the public since that time. Whether this was sufficient to constitute dedication and acceptance it is not necessary here to determine, for subsequently the common council took action which recog-

nized this street as a public highway and at a time when there had been no effort to rescind the proffered dedication by the owner of the fee. This is, under the rule adopted in *Matter of Hunter* (*supra*), sufficient.

If, however, the evidence in the record was insufficient to uphold the judgment, we should be compelled to reach the same conclusion, for the reason that there is no statement that the case contains all the evidence, and we must, therefore, presume that evidence was given sufficient to support the judgment. (*Kissam* v. *Kissam*, 21 App. Div. 142, 145.)

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.