UHLEFELDER v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department.   November 14, 1902.)

1. DEDICATION OF STREET—ACCEPTANCE—EFFECT.

Action of the common council of a city in recognizing a certain street as a public highway after an offer of dedication by the owner of the fee, and at a time when there had been no attempt to rescind the same, constituted the street a public highway.

2. APPEAL—PRESUMPTIONS—SUFFICIENCY OF EVIDENCE.

Where there is no statement that the case contains all the evidence, the court, on appeal, must assume that the evidence was sufficient to support the judgment.

Appeal from special term, Westchester county.

Action by Arnold Uhlefelder against the city of Mt. Vernon. Judgment dismissing plaintiff's complaint on the merits, and he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Milo J. White, for appellant.
William J. Marshall, for respondent.

WOODWARD, J.   The plaintiff brings this action to vacate an assessment affecting property described in the complaint; the assessment having been made for the construction of a lateral sewer in a way or street known as "Chester Street," in the defendant city. The theory of the plaintiff's case is that the street is not in fact a legal highway, and that therefore the defendant was without authority to direct the construction of such sewer, and levy the assessment against plaintiff's property for the same. The question presented is thus one of fact, and the learned court at special term has found that the street was in fact a legal highway; the conclusion of law following necessarily. The plaintiff appeals from the judgment.

We are of opinion that the facts developed by the evidence, so entirely analogous to those presented in Re Hunter, 163 N. Y. 542, 57 N. E. 735, 79 Am. St. Rep. 616, fully justified the learned court in reaching the conclusion that there had been a continuous tender of dedication on the part of the owner of the fee of the street for a period of many years, up to and including the time that the common council of the defendant city took official action recognizing the existence of such street as one of the public highways of the city of Mt. Vernon, and that this action on the part of the defendant operated to constitute Chester street a public highway. The very full discussion of the question here involved in the case above cited makes any extended comment unnecessary. The evidence is sufficient to establish that the street was worked under the direction of the public authorities as far back as 1894, after it had been plotted by the owner, and lots had been sold bounded on the street, and it has been in continuous use by the public since that time. Whether this was sufficient to constitute dedication and acceptance, it is not necessary here to determine, for sub-

¶ 1. See Dedication, vol. 15, Cent. Dig. §§ 70, 75.

sequently the common council took action which recognized this street as a public highway, and at a time when there had been no effort to rescind the proffered dedication by the owner of the fee. This is, under the rule adopted in Re Hunter, supra, sufficient. If, however, the evidence in the record was insufficient to uphold the judgment, we should be compelled to reach the same conclusion, for the reason that there is no statement that the case contains all the evidence, and we must therefore presume that evidence was given sufficient to support the judgment. Kissam v. Kissam, 21 App. Div. 142, 145, 47 N. Y. Supp. 270.

The judgment appealed from should be affirmed, with costs. All concur.