PALMER v. EAST RIVER GAS CO. OF LONG ISLAND CITY et al.

(Supreme Court, Appellate Division, Second Department.   November 28, 1906.)

1. DEDICATION—STREETS—SUFFICIENCY OF OFFER.
Where a deed to city property named two streets as a part of the boundary and conveyed to their respective centers, there was a dedication to the public of the portions of such streets adjoining the property.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Dedication, § 34.]

2. SAME—ACCEPTANCE—EVIDENCE.
Where there had been a dedication of land as public streets, a resolution of a municipal board changing the grade of such streets and a map relating thereto were competent evidence to show an acceptance by the city of the land dedicated.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Dedication, §§ 71, 75, 70.]

3. SAME—OFFICIAL AND UNOFFICIAL STREETS.
Though a street used by the public generally may not be official, so that the city is under duty to keep in repair, the city may, by either formal acceptance or an official act, make it official at any time; and the maintenance of street lamps and granting permission to a gas company to lay mains in such streets was an act of acceptance.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Dedication, §§ 69–76.]

4. SAME—RENEWAL OF ACCEPTANCE.
Though by a city's failure to work streets they may have lost their official status, yet as long as they are used by the public the city may renew its acceptance by an official user and thereby confer official character upon them.
[Ed. Note.—For cases in point, see Cent. Dig vol. 15, Dedication, §§ 69–76.]

5. SAME—PUBLIC USE—WITHOUT OFFICIAL ACCEPTANCE.
A street may be an irrevocable public street by dedication and general public use without official acceptance by the city.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Dedication, §§ 69–76.]

6. SAME—NONUSER—STATUTE CONSTRUED.

Laws 1890, p. 1177, c. 568, providing that every dedicated highway, which has not been opened and worked or laid out within six years from the time of its dedication, shall cease to be a highway, does not relate to those becoming and remaining actual highways by general public use.

Appeal from Special Term, Queens County.

Suit by Augusta M. Palmer against the East River Gas Company of Long Island City and another. Judgment for plaintiff, and from it, and from an order denying a motion to open the case for the introduction of additional evidence, defendants appeal. Judgment reversed, and appeal from order dismissed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

John A. Garver, for appellants.
Franklin Pierce, for respondent.

HOOKER, J. The defendant gas company, through the agency of the defendant T. A. Gillespie Company, which did the actual construction, was in the act of laying 60-inch gas mains in that part of Hancock and Sanford streets in what was formerly Long Island City, now a part of the city of New York, immediately in front of premises owned by the plaintiff, when this action was commenced to restrain the defendants from further operations and to compel them to restore the streets or ways to their former condition. The plaintiff owned to the center of these two so-called streets, and claimed to be entitled to maintain the action for the reasons, first, that the grant of the privilege of laying mains formerly given to the assignor of the defendant gas company was not assignable, and hence the right did not pass and the defendant gas company was a naked trespasser; second, that, if such right did pass by assignment, it conferred no privilege to lay such mains as those in question, whose office was, not to supply abutters, but to convey gas from its place of manufacture to distant storage tanks; and, third, that the grant of this privilege to lay mains in Hancock and Sanford streets was worthless, because these had ceased to be public streets, and the municipality, of course, had no power to endow the gas company with the privilege so to use a private way.

The argument to sustain this last theory is that, since neither of these two streets had, for over six years after their dedication and acceptance as public thoroughfares, about 1875, been worked or made passable as highways through their respective lengths, they ceased to be public highways, per force of Highway Law, Laws 1890, p. 1177, c. 568. Section 99 of the law provides that:

"Every highway that shall not have been opened and worked within six years of the time that it shall have been dedicated to the use of the public or laid out shall cease to be a highway."

With the reasoning and the conclusions of the learned Special Term as to the first and second questions just mentioned we are content. In the view we take of this appeal, it is unnecessary, and would hardly be profitable, to discuss the third.

By the judgment from which an appeal is taken it was determined

that the defendants had no right to lay the mains in question, and this act was a continuing trespass and should be enjoined, unless the defendant gas company instituted proceedings to condemn. After it had been submitted to the learned Special Term, but before decision, a motion was made to open the case to permit the defendants to introduce the following additional evidence, whose existence was not discovered until after the trial, although there seems to have been exercised reasonable diligence to discover it, namely: First, a resolution of the board of estimate and apportionment of the city of New York, dated September 30, 1904, and approved by the mayor on October 24, 1904, changing the grade of certain streets and avenues, among which were included Hancock and Sanford streets, in accordance with a map made under direction of that board therein referred to; second, a certified copy of said map, which was filed in the office of the president of the borough of Queens on or about December 9, 1904.

The new evidence was evidently to meet the plaintiff's proposition that the provisions of section 99 of the highway law applied to city streets. The deeds to the plaintiff, which had been received in evidence before the close of the case, were dated in 1903, and seemed to recognize Hancock and Sanford streets; for in them the premises conveyed were bounded by those streets, and they conveyed to the center of the respective streets. The defendants, therefore, urge that by the deeds at least so much of these so-called streets as adjoined the plaintiff's premises were dedicated to the city and they were accepted as public streets by the conduct of the city's agents, which by their motion they sought to prove as part of their case. The motion was, however, denied, and the defendants have appealed. In denying the motion the learned Special Term wrote:

"In my opinion the execution of a single conveyance of land, or of a few isolated conveyances of land, in which the property is bounded by a street, is not sufficient evidence of a rededication of the street as a public highway, after the street has ceased to be a public highway because of the failure of the public authorities to open and work the same within six years after the original dedication and acceptance."

Public highways may be created by dedication through offer and acceptance, and there seems to be no dispute upon the proposition that conveying property by bounding it on a street, which has actual form and is in use for obtaining access to abutting premises, is evidence of an offer to dedicate. The learned Special Term evidently supposed that the offer of dedication, evidenced by the deeds, contemplated so small a part of the whole extent of the streets that it might be entirely disregarded. The fallacy of the reasoning is apparent; for it must be obvious that the extent of the land offered has nothing to do with the case. The owner of the land may do what he pleases as to its disposition and may offer little or much as he wills. He may dedicate what is in front of part of his premises, and his offer is valid so far as it goes. If the offer is accepted, the dedication is complete, and the street is public to that extent. Or the owner of part of the premises abutting on the street may offer all in front of his property, and still the offer is valid. Acceptance works a complete dedication of so

much. · It goes without saying that one owner, by his offer to dedicate, has no power to affect the rights of his neighbors in the private way in front of their properties; and hence the plaintiff's grantor, by dedicating what was in front of his premises, could not accomplish a dedication of the whole street. But this case deals, not with the rights others may have by virtue of their ownership to the center of these streets, but rather as to whether the particular land, the fee to which is in the plaintiff, is subject to the right of the public to use it as a street.

The evidence the defendants by their motion seek to have considered in the case therefore becomes important; for it tends to prove the acceptance by the municipality of the offer. People v. Underhill, 144 N. Y. 316, 324, 39 N. E. 333; Matter of Hunter, 163 N. Y. 542, 57 N. E. 735, and cases cited. And if the fact should be found, upon a consideration of all the evidence, that there had been a complete dedication and acceptance as a public street of so much of these thoroughfares as lay in front of the plaintiff's premises, so much of the plaintiff's position as stands on her ownership of the fee, unimpressed with the public easement, must fall. The order appealed from must therefore be reversed.

Judgment reversed, without costs, and new trial granted; costs to abide the final award of costs. Appeal from order dismissed, without costs.

HIRSCHBERG, P. J., and RICH, J., concur. MILLER, J., concurs in result, on the ground that section 99 of the highway law (Laws 1890, p. 1198, c. 568) has no application to a city street.

GAYNOR, J. (concurring). Though a street used by the public generally be not an official one, so that the city is under duty to keep it in repair, and liable for damages for dangerous defects in it, it may nevertheless be a public street in the sense that the public have and exercise the right of travel over it, such right being conferred by the owner of the land in the street by dedication, such as granting the land abutting on it by conveyances bounding on the street as shown by a map. Such is the character of the streets in question here. In respect of such an actual street or road the city may by either a formal acceptance, or an official act which amounts to an acceptance, make it official at any time. The permission of the city to the gas company to lay mains in the streets was such an act of acceptance, just as much so as though the city laid the mains itself. Moreover it is found by the trial judge that the city has long maintained gas lamps in the streets, and lighted them, which is an act of acceptance. The judgment should therefore have been for the defendants.

If we were to concede that section 99 of the highway law has reference to a street not only "dedicated," which is the only word it uses, but also officially "accepted," and that its meaning is that such an accepted street may lose its official status by the failure of the city for six years to work it or lay it out (which are the words of the statute), although it is actually mapped and laid out by the dedicator, and travelled by the public as a highway, it nevertheless remains that the city may, so long

as the street continues an actual used public street, renew its acceptance by acts of official user, and thereby confer official character on it.

But such a street may be an irrevocable public street by dedication and general public user without official acceptance. It can be a public highway, in the sense that the public have and exercise the right of travel over it, without official acceptance. Such acceptance is unnecessary to make it a public highway, and unimportant except that it imposes a duty on the body politic to keep the street in repair, for breach of which it may be liable in damages. Such unofficial public streets may be made official at any time, and the findings of fact in this case show that the street in question is an official street by continuous acts of official user.

The learned trial judge misinterpreted section 99 of the highway law (Laws 1890, p. 1198, c. 568). It provides that every dedicated highway which has not been opened and worked, or laid out, within six years of the time of its dedication, shall cease to be a highway. This does not cover the case of highways which have become and remain actual highways by general public use. Such highways remain such and must remain such until they fall into disuse by the public, whether they be official by the acceptance of the body politic or not. And that the body politic may make them official at any time by formal acceptance, or acts of official user, is a thing not open to dispute. Nor is it open to dispute that when once made official they remain such so long as they remain in general public use for travel. The said section refers only to dedicated highways which do not become actual travelled highways by the general user of the public. It does not refer to dedicated highways which become such actual travelled highways. They are lawful highways which any one may claim and enforce unobstructed passage over. They cannot be made to lose their character of highways by any official neglect of them. They may be made official at any time in the ways already mentioned, but their continuance does not depend on that. In this case we have such actual streets by general public use, following dedication, and also acts of official acceptance of them. They are not private ways, by any means. They cannot be lawfully closed or obstructed in any way.