Judgment for plaintiffs. Prepare decision accordingly.

---

## YOUNG et al. v. LEAVITT et al.

(Supreme Court, Appellate Division, Second Department. June 17, 1910.)

1. APPEAL AND ERROR (§ 671*)—QUESTIONS REVIEWABLE—SUFFICIENCY OF EVIDENCE—RECORD.

In the absence of a certificate of the trial judge that the case on appeal contains all the evidence, the appellate court will not review findings of fact, where there is any evidence in the record to sustain them, and the only questions reviewable are those of legal error, such as the absence of any evidence to sustain the findings, or the refusal to make any finding on a question of fact, where a request to find is seasonably made.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. § 671.*]

2. APPEAL AND ERROR (§ 557*)—PROPOSED CASE—SUPPLYING OMISSIONS.

A proposed case on appeal, which does not contain a certificate of the trial judge that the case contains all the evidence, gives notice to respondent that appellant intends to present for review questions of law only, and respondent must add by amendment any omitted evidence sufficient to sustain the findings; and where the case contains any evidence sustaining the findings, respondent need not by amendment add any omitted evidence, but where the case contains some evidence which would have justified the court in finding facts as requested by appellant, the evidence which respondent thinks justifies the refusal must be inserted by amendment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2482; Dec. Dig. § 557.*]

3. APPEAL AND ERROR (§ 566*)—RECORD—CASE—CERTIFICATE.

Where the case did not contain a certificate of the trial judge that it contained all the evidence, his certificate to amendments proposed by re-

spondent should not recite that the amendments contained a portion of the testimony before the referee and that other testimony was given, but that the amendments contain none of the testimony before the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2511–2514; Dec. Dig. § 566.*]

Appeal from Special Term, Westchester County.

Action by Charles H. Young and another, as substituted trustees, against Mary E. Leavitt and others. From an order refusing to resettle a case on appeal, defendants appeal. Reversed, and motion granted.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

George D. Beattys, for appellants.
George P. Breckenridge, for respondent Barker-Ransom.
Henry Bacon, for respondents Young and others.

CARR, J. This is an appeal from an order of a trial justice refusing to resettle a case on appeal. The action was tried before the court without a jury, and pending its determination the taking of an account was sent to a referee, whose report was confirmed before final judgment. The court having made its decision, judgment was entered thereon. The present appellants filed two sets of exceptions to the decision of the court—one set as to findings of fact made by the court, on the ground that the findings were without any evidence to support them, and another set as to refusals by the court to find as requested. The defendants in their notice of appeal specified the interlocutory order confirming the referee's report as to be brought up for review on appeal. The defendants then proposed a case on appeal, but which did not contain any proposed certificate of the trial judge that the "case" contained all the evidence. Without such a certificate, this court will not review on appeal any findings of fact, where there is any evidence in the record to sustain them. Uhlefelder v. City of Mount Vernon, 76 App. Div. 349, 78 N. Y. Supp. 500. Therefore the form of the case as proposed gave notice simply that the appellants intended to present for review simply questions of law. This put upon the respondents "the responsibility of adding by amendment any omitted evidence on the question." Van Bokkelen v. Berdell, 130 N. Y. 141, 143, 29 N. E. 254.

The respondents thereupon proposed numerous amendments to the proposed case, all of which were allowed by the trial justice, and the case on appeal was settled accordingly. The appellants sought to resettle the case by striking out two of the amendments so allowed. The case as settled contained a recital as follows:

"The foregoing is a portion of the testimony given by the witnesses named before the referee. Other testimony was given and other witnesses examined before the referee. The foregoing contains none of the testimony given before the court on the trial of this action."

This recital was inserted in the case as one of the amendments proposed by the respondents, and the appellants claim to be aggrieved substantially by its presence. By the nature of the exceptions taken by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the appellants and their failure to propose a certificate that the case contained all the evidence, no questions could be brought up for review on appeal save those of legal error, as to the absence of any evidence to sustain the findings made, or as to the "refusal of the court to make any finding whatever upon a question of fact where a request to find thereupon is seasonably made." These questions are reviewable without any certificate that the case contains all the evidence (Van Bokkelen v. Berdell, ut supra), and the respondent must look out for them himself, by whatever amendments he deems appropriate.

Having made such amendments, he is to be deemed to have protected himself as far as he thinks necessary, and the inclusion in the case on appeal of the recital or certificate hereinbefore quoted serves no useful purpose and has no proper place in the case on appeal, in view of the fact that this appeal raises only questions of law. For such alone can be considered in the absence of a certificate that the case *does* contain all the evidence. If the case contains *any* evidence to sustain the court's findings, then, under the present circumstances of this case, that is enough for the respondents. If the case as proposed by the appellants contains some evidence which would have justified the court in finding the questions of fact as requested by the defendant, and which it refused, and which are not otherwise found in any other manner, then the evidence which the respondents think justifies the refusal should be inserted on their amendment, and presumably it has been so inserted. To this court it seems that this present controversy is more technical than substantial. It would be a good thing for counsel to bear in mind that courts have all they can do to keep up with the hearing and decision of matters of real substance.

We have considered another objection raised by the appellants, but deem it too insubstantial for discussion.

The order should be reversed, without costs, and the motion granted, so far as to strike out from the case on appeal as settled the certificate or recital in folio 169 of this record. The appeal, however, should be dismissed as to the respondent Barker-Ransom, with $10 costs and disbursements. All concur.