## In re PEARSALL STREET IN CITY OF NEW YORK.

(Supreme Court, Special Term, Queens County.   April 24, 1912.)

1. EMINENT DOMAIN (§ 82*)—FEES IN STREETS—ACQUISITION—COMPENSATION.

   Where, on the platting of land and a sale of lots, the fee to the streets was retained in the grantor, subject to the easement of necessary access appurtenant to all of the lots sold, upon the later taking of the fee in the streets by the city by eminent domain, abutting owners whose land was not taken lost nothing and were entitled to no compensation.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 215–219;  Dec. Dig. § 82.*]

2. DEDICATION (§ 35*)—STREETS—ACCEPTANCE.

   The construction of a sewer and laying of a water main in a street laid out by an individual amounts to an acceptance of the dedication tendered by the filing of the maps of plats made, as it will be presumed that the improvements were made by public authority.

   [Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 68–71, 75, 76;  Dec. Dig. § 35.*]

3. DEDICATION (§ 35*)—STREETS—ACCEPTANCE.

   The institution of a proceeding to take by eminent domain a street laid out by an individual is an acceptance of the dedication tendered.

   [Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 68–71, 75, 76;  Dec. Dig. § 35.*]

4. EMINENT DOMAIN (§ 85*)—ASSESSMENT OF DAMAGES—ENCROACHMENT OF ABUTTING OWNERS.

   In proceedings to take by eminent domain the fee of a street laid out by a private individual and retained in him, abutting owners are not en-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

titled to damages for fences, stoops, and house fronts which are within the street line and are encroachments.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 221–226; Dec. Dig. § 85.*]

5. EMINENT DOMAIN (§ 237*)—ASSESSMENT OF DAMAGES—ACTION OF COMMISSIONERS.

Where commissioners of estimate and assessment in a proceeding to take land for a street had the advantage of a view of the premises, and heard the advisory testimony of expert witnesses, their award will not be disturbed, in the absence of a showing that they adopted an erroneous principle or proceeded on an erroneous theory in making it.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

Application by the City of New York to open Pearsall Street. Motion to confirm report of Commissioners of Estimate and Assessment. Motion granted.

Archibald R. Watson, Corp. Counsel of City of New York (Walter C. Sheppard, and Joseph G. Mathews, of counsel), for the motion. Joseph A. Flannery and Hugo Hirsh, opposed.

GARRETSON, J. [1] There is no proof of title to damage parcels Nos. 61, 64, 65, 66, 87, 89, 92, 101, 108, and as to damage parcels 33, 36, 37, 44, 45, 46, and 47, the proof, so far as presented, shows that the deeds of abutting property carry only to the side or lines of the street. All of these several parcel numbers are of land within the lines of the street. These street lines are coincident with those of Fourth street, as shown on the map of land of Francis and Eve Duryea made and filed in 1860, since which time the street has been opened as a way for all persons, owners of lots, shown on the map and for 30 years if not for the entire period by the public generally. The Debevoise map and the incidents since its filing present a similar state of facts relative to that part of the street shown thereon; the land in the street being subject to the easements of necessary access appurtenant to all of the lots laid down on the maps. The market value of the fee thereof is not more than the nominal sum awarded, and the fact that the street, when opened under the proceeding, will not affect the abutting owner's access to his premises, and will detract nothing from the practical value of what he had by virtue of its easements of access, requires no greater award to him by way of compensation. Matter of City of New York, Decatur Street, 196 N. Y. 286, 89 N. E. 829.

[2] It also appears that several years ago the city or its predecessor constructed a sewer and laid a water main in the street. This, under the circumstances, may be regarded as an acceptance of a dedication tendered by the filing of the Duryea and Debevoise maps. Matter of Hunter, 163 N. Y. 542, 57 N. E. 735, 79 Am. St. Rep. 616.

[3] It will be presumed that these street improvements were made by public authority. It would seem to follow that the city has control of the street by dedication and by acceptance thereof before the proceeding was begun, and, even though this be not free from doubt, the instituting of this proceeding is an acceptance.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[4] The fences, stoops, and so much of the house front as are within the street line are mere encroachments for the existence of which the abutters are alone responsible and for the removal of which they are not entitled to compensation. Matter of the Department of Parks, 53 Hun, 556, 6 N. Y. Supp. 779; Bridges v. Wyckoff, 67 N. Y. 130.

[5] The commissioners having had the advantage of a view of the premises, and having heard the advisory testimony of expert witnesses, and it not being shown that the commissioners have adopted an erroneous principle or proceeded upon an erroneous theory, the award should not be disturbed.

The motion to confirm the report of the commissioners is granted.