### In re BRAGAW STREET IN CITY OF NEW YORK.

(Supreme Court, Special Term, Queens County.    May 6, 1913.)

1. DEDICATION (§ 19*)—HIGHWAYS—ACTS CONSTITUTING DEDICATION.
    An owner, who delineates his land on a map, designating thereon a strip of land as a public street, and who sells lots bounded on the street, and who has permitted the strip to be opened as a street to all desiring to travel over it, has dedicated the strip for a public street.
    [Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 35, 37–47; Dec. Dig. § 19.*]

2. DEDICATION (§ 35*)—HIGHWAYS—ACCEPTANCE.
    A dedication of land for a street is accepted by the city accepting the street as shown on a map it has made, and establishing the grade of the street, and exempting the land from taxation.
    [Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 68–71, 75, 76; Dec. Dig. § 35.*]

3. DEDICATION (§ 35*)—HIGHWAYS—ACCEPTANCE.
    A resolution of the board of estimate and apportionment of the city of New York for the legal acquisition of title to land embraced within

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a street as shown on maps made by the owner and by the city is an acceptance of the dedication of the land for a public street.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 68–71, 75, 76; Dec. Dig. § 35.*]

Application by the City of New York for the acquisition of title to lands required for the opening and extending of Bragaw street, from Skillman avenue to Borden avenue, in the borough of Queens, city of New York. Report of commissioners of estimate and apportionment confirmed in part and denied in part, and referred back to the commissioners in part.

Archibald R. Watson, of New York City, Corp. Counsel (Joel J. Squier, Walter C. Sheppard, and John P. Smith, all of New York City, of counsel), for applicant.

Phelan Beale, of New York City, for Henry G. Hull.

William R. Keese, of New York City, for Robert C. McCallum.

John R. McMullen, of New York City, for Margaret O'Shaugnessy.

JAYCOX, J. The land involved in this proceeding was, in or about the year 1870, delineated upon a topographical map of the city of Long Island City, and thereon designated as Bragaw street. The Bragaw street shown on that map was identical in every respect with the Bragaw street involved in this proceeding. In 1871 the owner of the larger part of the property in this street, who was then the owner of a large tract of land through which this street extends, filed in the office of the clerk of the county of Queens a map of such property, showing the same to be laid out in lots, blocks, streets, and avenues, and among such streets was shown a Bragaw street, which is identical in location and dimensions with the Bragaw street involved in this proceeding. From that map a large number of lots were sold, many of them bounded by Bragaw street as delineated on said map, and all of them sold with reference to said map by the lot and block numbers as thereon designated and delineated. In the year 1875, upon a topographical survey heretofore referred to, a commission appointed for the purpose of laying out streets, avenues, roads, parks, etc., for Long Island City, officially adopted the Bragaw street as shown on the topographical survey and the filed map above referred to, identical in name, location, side lines, and width with the Bragaw street involved in this proceeding. This commission also, in the same year, adopted a grade for the said street and delineated the same on their official plan or layout as Bragaw street. Again in 1879 and in 1905 changes or alterations of the grade of this street were adopted by the city of Long Island City or its corporate successor in title, the city of New York. Said Bragaw street has been laid out on the official tax map or plan of the city of New York, and has been exempt from assessment for taxation, because of the fact that it was regarded by the tax authorities as a street devoted to public use. There has been some use of this street on the ground. As to some parts of it, it has been more extensive than others.

The other portion of the land embraced in Bragaw street was shown upon a map filed in the office of the clerk of the county of Queens on October 20, 1884. On this map the remainder of Bragaw street as involved in this proceeding is designated and delineated by the title "Bragaw Street," and the same lines and dimensions as the Bragaw street in this proceeding. After this map was filed, lots were sold bounded upon Bragaw street with reference to said map, and designating the property conveyed by lot and block number as shown upon said map. The topographical survey and other proceedings heretofore referred to involved the premises shown upon the map last above described and the portion of Bragaw street thereon shown. There has also been some use on the ground of the premises as a public street since 1884.

The board of estimate and apportionment of the city of New York, on March 13, 1908, adopted a resolution for the legal acquisition of the title to the property embraced within Bragaw street. The city of New York contends that the premises to which it seeks to acquire title in this proceeding are within the bed of a public highway and subject to the easement thereof. This is disputed by all of the landowners. Some, however, admit that the premises are subject to private easements, while others contend, as to some portion, at least, of the premises, that they are free from easements of every character. The commissioners herein have apparently adopted the view that Bragaw street is not a public highway or street, and as to some of the premises they have apparently held them to be free from easements of any character, and as to some that they are subject to private easements.

The question as to whether or not the land involved in this proceeding is subject to a highway depends upon the question as to whether there has been a dedication by the owner and an acceptance by the public. In Flack v. Village of Green Island, 122 N. Y. 107, 25 N. E. 267, the question of dedication and acceptance is discussed, and at page 114 of 122 N. Y., at page 268 of 25 N. E., Dillon on Municipal Corporations is quoted as follows:

"'Where a plot is made and recorded, the requisite intention is generally indisputable.' Dill. Mun. Corp. § 636. 'A sale of lots with reference to such plat, or describing lots as bounded by streets, will amount to an immediate and irrevocable dedication of the latter, binding upon both the vendor and vendee.' Dill. Mun. Corp. § 640."

At page 116 of 122 N. Y., at page 268 of 25 N. E., in the same case it is said:

"That the land embraced in these streets had not been assessed to such company or anybody else by the village officials, which facts, in regard to assessments, have been held by authorities to be proper and competent evidence upon the subject of dedication and acceptance. Irwin v. Dixion, 9 How. 10–33 [13 L. Ed. 25]; In re Hand Street, 52 Hun, 206–212 [5 N. Y. Supp. 158]."

In the Matter of Public Park, 53 Hun, 556, 6 N. Y. Supp. 779, it was held that where a street had been laid out upon a filed map by the owner of the property, and afterward the park commissioners filed a map upon which the same street was laid out as a public street throughout its whole width, it was an adequate acceptance upon the

part of the public of the dedication attempted to be made by the landowner.

Where there has been a dedication of lots as public streets, a resolution of a municipal board changing the grade of such streets and a map relating thereto were competent evidence to show an acceptance by the city of the land dedicated. Palmer v. East River Gas Co., 115 App. Div. 677, 101 N. Y. Supp. 347.

Action of the common council of a city in recognizing a certain street as a public highway, after an offer of dedication by the owner of the fee and at a time when there has been no attempt to rescind the same, constitutes the street a public highway. Uhlefelder v. City of Mount Vernon, 76 App. Div. 349, 78 N. Y. Supp. 500.

[1-3] From the authorities above quoted it seems to me clear that there has been a dedication and acceptance here. The owner of the land has delineated it upon a map showing this property as a public street. From the map he has sold lots, bounding them by this street as a public street, and the street has been open to all who desired to travel over it. The city has shown its acceptance by the maps it has made, the action it has taken in relation to the grade of the street, and the exemption of the land from taxation. And, further than that, I think that the very resolution itself under which this proceeding was instituted is a sufficient acceptance to constitute the street in question a public street. See In re Pearsall St. (Sup.) 135 N. Y. Supp. 763, and Matter of Hunter, 163 N. Y. 542, 57 N. E. 735, 79 Am. St. Rep. 616.

In the last case cited the landowner had made a map of his property showing a street called "Rawson Street." After making this map several lots were sold with reference thereto, and the owner did not pay any tax on the property embraced within the street. This street was open and used by vehicles and the public for 10 or 15 years, during which time it was fenced upon the side lines of the street. The common council of the city gave it the name Rawson street, the same as given by the map above referred to, and directed that a crosswalk be laid upon the street. No work was ever done by the city authorities upon the street. Later a resolution was adopted that a sewer be laid along the center of Rawson street, and it was held in that case that the resolution providing for a sewer in that street was an acceptance of the tender theretofore made. The decision was placed upon this ground alone. In the opinion of the court, per Vann, J., at page 550 of 163 N. Y., and page 737 of 57 N. E. (79 Am. St. Rep. 616), it is said:

"We place our decision upon the tender of dedication by Mr. Hunter in his lifetime, continued without interruption by the present owner for years after his death, and the acceptance of that tender, when still in full force, by the ordinance of May 16, 1898. Without reference to the earlier history of the street, we think this tender and acceptance were sufficient of themselves, independent of any other fact, to make Rawson street a lawful and irrevocable highway. When the street thus came into existence, the power to revoke the dedication was ended."

I think the resolution by the board of estimate and apportionment has a similar effect in this case, and that the moment the resolution

was passed by which the city evidenced its acceptance of this street as a public street it became such, and all the land therein was subject to the easement thereof.

The motion to confirm the report of the commissioners is therefore denied as to all parcels, except those where a nominal award has been made and as to those where an award has been made for damages to buildings by the proposed regulation of the street. Those nominal awards and those awards for damages to buildings are confirmed.

Let the order referring the matter back to the commissioners be settled upon notice.