(159 App. Div. 729)

### SAVAGE v. POTTER.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

APPEAL AND ERROR (§ 560*)—ORDERS—RESETTLEMENT—STATUTORY PROVISIONS.

     Under Code Civ. Proc. § 994, providing that, where an issue of fact is tried without a jury, an exception to a ruling of law must be taken by filing notice of the exception and serving a copy on the attorney of the adverse party and the notice is a part of the papers on which an appeal must be heard, applies only where appellant excepts to conclusions of law, and, where appellant relies on exceptions to findings on the ground that there is no evidence to support them, he raises a question of law under section 993, which cannot be determined without the evidence, and respondent may compel the incorporation in the case on appeal of the evidence on the questions involved.

     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2490–2493; Dec. Dig. § 560.*]

Appeal from Special Term, New York County.

Action by John Savage, as president of the Joint District Council of United Brotherhood of Carpenters and Joiners of America, against

---

Henry A. Potter, as treasurer of the American Anti-Boycott Association. From an order denying motion for a resettlement of case on appeal, defendant appeals. Reversed, and matter remitted for resettlement.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Charles E. Littlefield, of New York City, for appellant.

William P. Maloney, of New York City, for respondent.

SCOTT, J. The action is in equity to restrain defendant from furnishing legal assistance to its members against sympathetic strikes on the ground that to do so was a violation of section 280, Penal Law (Consol. Laws 1909, c. 40), forbidding corporations to practice law.

At the trial the plaintiff called as his only witnesses some of the defendant's officers. The defendant called no witnesses. The court, although it held that defendant had violated the law, refused injunctive relief on the ground that equity would not enjoin the violation of a criminal statute. Both sides submitted proposed findings of fact and conclusions of law, some of which were found and some refused. Both parties filed exceptions. Plaintiff served what was called a proposed case on appeal containing only the pleadings, the decision and judgment, the requests and exceptions. The defendant proposed, by way of amendment, the insertion of the evidence reduced to narrative form. The trial judge rejected the amendment and denied a motion for resettlement of the case.

The plaintiff resists the amendment on the ground that he is appealing under section 998, Code of Civil Procedure, and proposes to raise only questions of law. That section reads as follows:

"It is not necessary to make a case, for the purpose of moving for a new trial, upon the minutes of the judge, who presided at a trial by a jury; or upon an allegation of irregularity, or surprise; or where a party intends to appeal from a judgment entered upon a referee's report, * * * without a jury, and to rely only upon exceptions, taken as prescribed in section 994 of this act."

That is, if the appellant intends to rely upon exceptions taken pursuant to section 994, he need not make a case.

Section 994 provides:

"Where an issue of fact is tried by a referee, or by the court, without a jury, an exception to a ruling, upon a question of law, made after the cause is finally submitted must be taken, by filing a notice of the exception in the clerk's office, and serving a copy thereof upon the attorney for the adverse party. The exception may be so taken, at any time before the expiration of ten days after service, upon the attorney for the exceptant, of a copy of the decision of the court, or a report of the referee, and a written notice of entry of judgment thereupon. If the notice of exception is filed before the entry of final judgment, it must be inserted in the judgment roll; if afterwards, it must be annexed to the judgment roll. In either case it constituted a part of the papers, upon which an appeal from the judgment must be heard."

Section 994, as I read it, applies only to cases in which the appellant confines himself to exceptions to the conclusions of law found by the trial court.

The appellant in this case, however, apparently intends to rely upon other exceptions because he excepts to a large number of findings upon the ground "that there is no evidence to support the findings of fact or any of them." This, under section 993, raises a question of law, which of course cannot be determined without the evidence. Appellant relies on Delaney v. Valentine, 11 App. Div. 316, 42 N. Y. Supp. 571, wherein a motion like the present was denied. That case, however, is not controlling because at the time it was decided there was no provision of the Code making findings of fact without evidence to sustain them errors of law, and consequently the exceptions took up only the conclusions of law.

The exceptions to some of the findings on the ground that they are without evidence to sustain them gives notice to respondent that appellant intends to argue these exceptions as errors of law. It became therefore the duty and the right of the respondent to see to it that the case on appeal contains the evidence upon the questions. Young v. Barker-Ransom, 139 App. Div. 194, 123 N. Y. Supp. 743.

The order appealed from must be reversed, with $10 costs and disbursements, and the matter remitted to the trial justice for settlement of the case on appeal in accordance with the views expressed in this opinion. All concur.